| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | <br>**CIVIL SUMMONS** | Case No. 14-CI-004330<br>Court ☑ Circuit ☐ District<br>County Jefferson |
|---|---|---|

JEFFERSON CIRCUIT COURT
DIVISION NINE (9)

PLAINTIFF

Alvin    G    Stepp    Jr

705 E Market ST
Jeffersonville    Indiana    47130  3923

VS.

**DEFENDANT**

JBS Swift d/b/a Swift & Company Trade Group

1200 Story AVE
Louisville    Kentucky    40206

**Service of Process Agent for Defendant:**
CSC Lawyers Incorporating Service Company

421 W Main ST
Frankfort    Kentucky    40601

**THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: AUG 1 8 2014, 2____    DAVID L. NICHOLSON, CLERK ____Clerk
                              By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title

CASE NO. 14 CI 004330                    JEFFERSON CIRCUIT COURT
                                         DIVISION
                                         JEFFERSON CIRCUIT COURT
                                         DIVISION NINE (9)

ALVIN G. STEPP, JR.                                              PLAINTIFF
705 EAST MARKET STREET
JEFFERSONVILLE, IN 47130-3923

v.                        COMPLAINT

JBS SWIFT D/B/A SWIFT & COMPANY TRADE GROUP                      DEFENDANT
1200 STORY AVENUE
LOUISVILLE, KY. 40206

    Serve:  CSC LAWYERS INCORPORATING
           SERVICE COMPANY
           421 West Main Street
           Frankfort, KY 40601

* * * * *

Comes the Plaintiff, Alvin G. Stepp, Jr., by and through counsel, and for his Complaint against the Defendant, states as follows:

### JURISDICTION AND VENUE

1. That the Plaintiff, Alvin G. Stepp, Jr., (hereinafter Plaintiff), was at all times relevant hereto and is a resident of Jeffersonville, Indiana, and was employed by JBS Swift where he worked at all times relevant hereto in Louisville, Jefferson County, Kentucky.

2. That the Defendant, JBS Swift d/b/a Swift & Company Trade Group, is a for-profit Delaware corporation with offices at 1200 Story Avenue, Louisville, KY 40206 and is subject to the jurisdiction of this Court, pursuant to

KRS 344 *et seq.*, is an employer as defined by KRS 344.030, and is prohibited from committing the unlawful practices detailed in KRS 344.040, *et seq.*

3. That the Defendant's process agent is CSC Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

4. That this action is brought for injunctive relief and damages pursuant to KRS 344.450 and Kentucky common law.

5. That the Plaintiff was discriminated against in violation of KRS 344.040, in that he was subject to unequal terms, conditions, and privileges of employment because of his age and physical disability and his employment was also wrongfully terminated.

6. That the Defendant maintains a pattern and practice of discrimination against older and disabled workers subjecting them to a discriminatory work environment, and to unequal terms, conditions, and privileges of employment because of their age disability.

7. That the unlawful employment practices alleged herein were and are being committed within Jefferson County in the Commonwealth of Kentucky.

8. That the hostile work environment and acts of age and disability discrimination and retaliation alleged herein occurred within five years from the filing of this

2

Complaint, and that the wrongful termination of his employment occurred within one year from the filing of this complaint.

## STATEMENT OF CLAIMS

### COUNT ONE - AGE AND DISABILITY DISCRIMINATION

9. That the Plaintiff reiterates and incorporates the allegations contained in paragraph 1 through 8 of this Complaint as if set out at length herein.

10. That Defendant employed the Plaintiff for over seven and one-half (7½) years.

11. That he was a apprentice mechanic, when first employed, on or about December 27, 2005. Prior to the time he was terminated from his employment by Defendant, he held the position of master mechanic.

12. That the Plaintiff's performance and efficiency was equal to or better than similarly situated employees, and, prior to February of 2013, he had never been reprimanded and had received promotions by the Defendant.

13. That the Plaintiff's work performance, in his position as a master mechanic, was more closely scrutinized and criticized than similarly situated employees, due to his age and disability, and such treatment is evidence of discrimination.

14. That the Plaintiff was injured on the job on or

about August 15, 2013, due to a serious fall at the Swift's plant, and was not, thereafter, physically able to perform his work as determined by his physician and accordingly filed a claim for worker's compensation and disability benefits and that thereafter Plaintiff was subjected to higher standards of performance than similarly situated employees and was wrongfully accused of not properly inspecting or maintaining a machine and falsifying maintenance records and violating the Lock Out Tag Out Policy. In truth and in fact, Plaintiff's employment was terminated by Defendant, effective August 19, 2013, because he filed a claim for worker's compensation benefits as well as a claim for disability benefits.

15. That the Defendant, Swift, discriminated against the Plaintiff by subjecting the Plaintiff to unequal terms, conditions and privileges of employment because of his filing of claims for worker's compensation benefits and disability benefits as well as his age and disability and wrongfully terminated his employment because he filed a claim for worker's compensation and disability.

16. That, despite the fact that Swift knew, or should have known, that this pattern of conduct was being carried out by its agents and managerial employees, Defendant made no effort to halt this course of conduct, to make redress to

the Plaintiff, or to take any disciplinary action whatsoever against any of its employees or agents. The lack of such efforts had the effect of encouraging its agents and employees to continue this illegal pattern of conduct.

17. That the Defendant's prior and pretextual attempt to terminate Plaintiff in February 19, 2013 and the subsequent termination of his employment on or about August 18, 2013 was in retaliation for his filing of claims for worker's compensation and disability benefits and because of the Plaintiff's age and disability, and has no justification or excuse in law and was illegal, improper, and unrelated to any wrongdoing by the Plaintiff.

18. That Defendant's further refusal on or after August 18, 2013 to reinstate him on the basis of his grievances filed with the Defendant showing that the grounds for termination were pretextual was because of Plaintiff's age and disability and has no justification or excuse in law and was illegal, improper and unrelated to any wrongdoing by the Plaintiff.

19. That, as a direct and foreseeable result of Defendant's unlawful conduct, the Plaintiff has suffered interruption of his professional career, loss of prior income from and after August 18, 2013, through and including the present, as well as emotional and psychological harm,

humiliation and embarrassment, and other indignities.

20. That Defendant follows a policy and practice of age and disability discrimination in employment. Under such policy and practice, Defendant, through its agents, repeatedly harassed Plaintiff because of his age and disability.

21. That the actions of the Defendant as set out in this Complaint were done in a willful, wanton, reckless, deliberate, malicious and/or grossly negligent manner with respect to the civil rights and common law rights of the Plaintiff and the Plaintiff is therefore entitled to recover punitive damages from the Defendant.

### COUNT TWO - WRONGFUL DISCHARGE

22. Plaintiff incorporates, by reference, the allegations contained in the above paragraphs as if restated herein in their entirety.

23. Defendant's termination of Plaintiff's employment in retaliation for the exercise of his statutorily protected rights to file claims for worker's compensation and disability benefits, as alleged above, constitute a wrongful discharge from his employment in violation of public policy.

24. As a result of defendant's statutory and common law violations, plaintiff is entitled to an award of monetary damages, as well as attorneys fees sufficient to

invoke the jurisdictional threshold of this Court.

WHEREFORE, Plaintiff prays this Honorable Court for relief as follows:

1. Enjoin the Defendant from engaging in such unlawful practices.

2. Award Plaintiff all lost wages, salaries, bonuses and benefits which he would have received but for the unlawful practices of the Defendant from and after August 18, 2013 through the present, all in excess of the jurisdictional limits of this Court.

3. Award punitive damages to Plaintiff in excess of the jurisdictional limits of this Court.

4. Award Plaintiff compensatory damages for humiliation and embarrassment and mental and physical anguish, and all relief allowed under KRS 344 and under common law, all in excess of the jurisdictional limits of this Court.

5. Order Defendant to take such affirmative action as may be necessary to redress the effects of Defendant's unlawful discrimination and to correct such discrimination in the future.

6. Award Plaintiff expenses and the cost of bringing this action, including his reasonable attorney's fees.

7. For a speedy jury trial on all issues so triable.

8. For any and all other equitable and legal relief to which Plaintiff may appear entitled and the Court deems just and proper.

Respectfully submitted,

*[signature]*

RICHARD L. MASTERS
Masters, Mullins & Arrington
1012 S. Fourth Street
Louisville, KY 40203
502.582.2900

# VERIFICATION

I, Alvin G. Stepp, Jr., am the Plaintiff in this action and hereby certify that I have read the foregoing factual allegations of the Complaint and believe that they are true and correct to the best of my knowledge, information, and belief.

_____
Alvin G. Stepp, Jr.

COMMONWEALTH OF KENTUCKY  )
                          )
COUNTY OF JEFFERSON       )

Subscribed and sworn to before me by Alvin G. Stepp, Jr. on this 15th day of August, 2014.

My Commission expires: 2-21-15

_____
Notary Public
State at Large - Kentucky

9

DAVID L. NICHOLSON
JEFFERSON COUNTY CIRCUIT COURT CLERK
LOUIS D. BRANDEIS HALL OF JUSTICE
600 WEST JEFFERSON STREET
LOUISVILLE, KENTUCKY 40202

JBS SWIFT D/B/A SWIFT & COMPANY TRADE GROUP
C/O CSC LAWYERS INCORPORATING SERVICE CO
421 W MAIN ST
FRANKFORT KY 40601



7013 0600 0001 2633 2099